IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CHRISTOPHER ELLIOTT,

Petitioner,

vs.

CIVIL ACTION NO.: CV213-131

SUZANNE HASTINGS, Warden,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Christopher Elliot ("Elliot"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Elliot's petition should be **DENIED**.

## STATEMENT OF THE CASE

Elliot was convicted, after pleading guilty, in the Northern District of Florida, of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and possession of marijuana, in violation of 21 U.S.C. § 844(a) and 18 U.S.C. § 2. (Doc. No. 7-2, pp. 2–3). Elliot was sentenced to 180 months' imprisonment based on his agreement to plead guilty to his section 924(e) charge,

which carried a statutory minimum sentence of 15 years' imprisonment. Elliot did not file a direct appeal or a motion pursuant to 28 U.S.C. § 2255.[1]

In this petition, Elliot asserts that his prior grand theft conviction does not qualify as a crime of violence under § 924(e). Elliot also asserts that his prior convictions for marijuana and cocaine possession are not serious drug offenses, as defined by § 924(e). Elliot contends that the only possible predicate conviction he has which might satisfy § 924(e) is his conviction for sale of cocaine, but he was convicted under the Florida Youthful Offender Act. Elliot avers that he does not have the requisite predicate offenses to sustain his conviction under section 924(e).

Respondent alleges that Elliot's three (3) convictions for sale of cocaine satisfy the § 924(e) enhancement as predicate offenses. Accordingly, Respondent contends that Elliot's petition should be denied.

## DISCUSSION AND CITATION TO AUTHORITY

The Florida Youthful Offender Act, Florida Statutes § 958.04, does not negate a juvenile's adult conviction in the criminal division of a Florida Circuit Court. United States v. Wilks, 464 F.3d 1240, 1242–43 (11th Cir. 2006) (concluding that prior Florida convictions supported U.S.S.G. § 4B1.1 career offender enhancement and application of the Armed Career Criminal Act ("ACCA") despite sentencing as a youthful offender because defendant was sentenced in adult court and was otherwise treated as an adult criminal). Section 958.04 gives the criminal division of the Florida Circuit Court the discretion to sentence eligible defendants who are under 21 years of age as "youthful

---

[1] According to Elliot, he waived the right to file a direct appeal or to pursue a section 2255 motion because he pled guilty. (Doc. No. 1, p. 2). This is not entirely accurate. Elliot and the Government reserved "the right to appeal any sentences imposed." (Doc. No. 7-3, p. 8). In addition, Elliot was notified of his right to appeal during sentencing. (4:06-cr-84, Doc. No. 30, p. 2) (N.D. Fla.).

offenders." FLA. STAT. § 958.04(1). If the Florida Circuit Court decides to sentence a defendant as a youthful offender, "[i]n lieu of other criminal penalties authorized by law," the court is given an array of alternative sentencing options, such as probation, placement in a community control program, incarceration in county facilities, restitution centers or public or private community residential facilities, and to split sentences between options. FLA. STAT. § 958.04(2)(a)-(c); see also FLA. STAT. § 958.021 (stating that the purpose of the Florida Youthful Offender Act is "to provide an additional sentencing alternative to be used in the discretion of the court when dealing with offenders who have demonstrated that they can no longer be handled safely as juveniles and who require more substantial limitations upon their liberty to ensure the protection of society" while at the same time encouraging their rehabilitation "by preventing their association with older and more experienced criminals during the terms of their confinement"). Nothing in Florida's youthful offender statute suggests that a youthful offender's conviction in the criminal division of the Florida Circuit Court is not an adult conviction under Florida law. United States v. Cortes, 427 F. App'x 803, 806 (11th Cir. 2011).

The ACCA imposes a mandatory minimum fifteen years of imprisonment if a defendant has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A defendant who is sentenced under the ACCA is also an "armed career criminal" under the Sentencing Guidelines, which affects both the defendant's offense level and criminal history category. See U.S.S.G. § 4B1.4(a)-(c). Under the ACCA, a

AO 72A
(Rev. 8/82)

"serious drug offense" is one "for which a term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Elliot was convicted in the State of Florida, after pleading no contest, of three (3) counts of selling cocaine and three (3) counts of possessing cocaine—which are felony offenses— when he was 19 years of age. (Doc. No. 7-6, pp. 3–7). Elliot was sentenced as a youthful offender pursuant to Florida Statutes § 958.04, and he received a two (2) year sentence on the first count and a two (2) year sentence on the remaining five (5) counts, to be served concurrently. (Id. at pp. 8–20). Elliot faced sentences of up to fifteen years' imprisonment for each of his three (3) counts of selling cocaine. See FLA. STAT. §§ 893.13(1)(a)(1.)&(2.) and 775.082.

The Eleventh Circuit Court of Appeals has noted that Florida's youthful offender sentencing is discretionary rather than mandatory. United States v. Ortiz, 413 F. App'x 114, 119 (11th Cir. 2011). The state sentencing judge has discretion in whether to grant an eligible adult defendant youthful offender status and so lower the sentencing range. Because of this discretion, the youthful offender six-year limit on custody terms is not the "maximum term" for purposes of the ACCA. Id. at 120. Rather, the statutory maximum term for each of Elliot's prior cocaine offenses was fifteen years. Accordingly, Elliot's youthful offender convictions are "serious drug offenses" within the meaning of the ACCA. Because Elliot's youthful offender convictions were enough to qualify under the ACCA, the undersigned need not address whether Elliot's other previous convictions are qualifying offenses under the ACCA.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Elliot's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of December, 2013.

*(signature)*
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

5